L. Bryant Jaquez, Esq.
California Bar No. 252125
MILES, BAUER, BERGSTROM & WINTERS, LLP
1231 E. Dyer Road, Suite 100
Santa Ana, CA 92705
(714) 481-9100 / FAX (714) 481-9144
File No. 10-01566

Attorneys for Secured Creditor,
BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOANS
SERVICING, LP

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SANTA ROSA DIVISION

In re:

BILLY LYNN ARMS AND DEANNA
LYNN ARMS,

　　　　　　　　　Debtors.

Case No.: 10-10849 AJ
Chapter 13
R.S. No. N/A

**Confirmation Hearing –**
Date: May 17, 2010
Time: 01:30 P.M.
Place: U.S. BANKRUPTCY COURT
　　　　99 South E Street
　　　　Santa Rosa, CA 95404
　　　　Courtroom N/A

## OBJECTIONS TO PROPOSED CHAPTER 13 PLAN AND CONFIRMATION THEREOF

　　　BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOANS

SERVICING, LP, Secured Creditor in the above-entitled Bankruptcy proceeding, hereby

submits the following Objections to Confirmation of that certain Chapter 13 Plan proposed by

Debtor:

　　　This objecting Secured Creditor holds the Trust Deed on the Debtors' property generally

described as **226 Margie Drive, Willits, CA 95490** and legally described as:

1

LOT 2, AS NUMBERED AND DESIGNATED UPON THE MAP OF "UNIT 3, HARRAH'S COUNTRY MANOR" A SUBDIVISION, FILED DECEMBER 29, 1977, IN MAP CASE 2, DRAWER 31, PAGE 72, MENDOCINO COUNTY RECORDS

As of March 12, 2010, the amount in default was $34,528.25, representing monthly payments and late charges due from August 1, 2008 through March 1, 2010; advances for taxes and insurance, if any; and foreclosure costs and attorneys' fees incurred with respect to the default.

Section 1325 of the Bankruptcy Code sets forth the requirements for confirmation of a Chapter 13 Plan. Among other things, the Court must make a finding that the plan is feasible as a condition to confirmation.

Here the Debtors have listed on Schedule I one primary source of income from which they intend to fund the plan – regular income from monthly gross wages in the total amount of $6,330.59. A copy of Schedules I and J are attached as **Exhibits** "**1**" and "**2**".

The Plan fails to provide for Secured Claim. Further, the repayment sum will not fully pay off the arrearages currently owing to Secured Creditor over the term of the Plan. To cure the actual pre-petition arrearages within 60 months, Secured Creditor must receive $575.47 per month from the Debtors through the Plan.

The Debtors have failed to comply with 11 U.S.C. §1322(b)(5). Since filing the instant bankruptcy petition, Debtors have failed to maintain the regular monthly Trust Deed payments. Accordingly, the Plan may not be confirmed.

The proposed Chapter 13 Plan is not feasible. Therefore, the Plan cannot be confirmed. 11 U.S.C. §1325(a)(6). Attached hereto as **Exhibits** "**1**" and "**2**" are Debtor's Schedule I – Income and Schedule J – Expenses, indicating that Debtors have excess income of only $509.04

2

| | |
|---|---|
| 1 | per month. The payment to Secured Creditor alone through Debtor's Chapter 13 Plan must be |
| 2 | $575.47 per month. |
| 3 | Secured Creditor's Objections to Confirmation are supported by the Declaration of |
| 4 | TARON AROYAN. |
| 5 | CONCLUSION |
| 6 | Any Chapter 13 Plan proposed by Debtors must provide for Secured Creditor's claim |
| 7 | and eliminate the Objections specified above in order to be reasonable and to comply with |
| 8 | applicable provisions of the Bankruptcy Code. It is respectfully requested that confirmation of |
| 9 | the Debtor's proposed Chapter 13 Plan be denied and the case be dismissed. |
| 10 | WHEREFORE, Secured Creditor prays as follows: |
| 11 | (1) That confirmation of the proposed Chapter 13 Plan be denied. |
| 12 | (2) For dismissal of the Chapter 13 proceeding. |
| 13 | (3) For such other relief as this Court deems proper. |
| 14 | MILES, BAUER, BERGSTROM & WINTERS, LLP |
| 15 | Dated: 05/12/10 By: /s/ L. Bryant Jaquez |
| 16 | L. Bryant Jaquez, Esq.<br>Attorney for Movant |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |

3